The opinion of the court was delivered by
Marr, J.
The police jury of Catahoula parish passed an ordinance, on the 3d March, 1879, providing that; “All parish licenses, for the year 1879, shall be the same as State licenses, except the drug licenses.”
On the 14th April, the deputy tax collector gave notice in writing to E. T. Walters, to pay, within fifteen days, his State and parish license taxes: first, “as retail merchant in store No. 1, Eront street, Troy;” second, “as retail liquor dealer,” and third, “as retail merchant in store *669 No. 2, Back street, in Troy.” The taxes were, in each case, $15 for the State, and $15 for the parish, the whole amounting to $90.
On the 19th April, Walters obtained an injunction, prohibiting the tax collector from collecting these taxes, and from interfering with him in the pursuit of his business and occupation. On hearing, the parish judge dissolved the injunction with ten per cent special damages, and ten per cent for attorney’s fees; and Walters appealed.
The petition is mainly an argument against the constitutionality of the license tax. It is also objected that the tax collector had no power to appoint a deputy; and that no estimate was made and published of the parish expenses prior to the levying of the tax. Both these objections are disposed of by the admission, on the trial, “ that the notice of fifteen days to tax and license payers was published according to law; also, that the estimate of parish expenses was published for more than thirty days prior to the levying of licenses for 1879, as shown by the ordinance.”
We decided at New Orleans, in a case which seems not to have been reported, that the tax collectors had the right to appoint deputies; but that is not material, since the only act done by the deputy'in this case seems to have been the giving of notice to Walters personally, requiring him to call at the office of the tax collector, within fifteen days, and to pay his license taxes.
The act of 1877, p. 146, sec. 52, requires the tax collector to give fifteen days notice of the places in his parish at which he will be present for the purpose of collecting, from all persons, the taxes due by them. In default of payment, this section authorized the collector to proceed by seizure after ten days written demand.
The statute of 1879, No. 27, p. 44, sec. 4, requires the tax collector to give twenty days notice to delinquents, at the expiration of which, if the tax or license should not be paid, he shall proceed to seize and to sell after ten days advertisement.
The admission in this case is that the general notice of fifteen days was published according to law. On the publication of this notice, it is the business of the taxpayers to repair to the places designated, and to pay their taxes and licenses. The personal notice of ten days, required by the act of 1877, twenty days now, by the act of 1879, is that which must be given to the delinquent before the collector can seize and sell his property. As there was no seizure, it is wholly immaterial whether the personal notice to Walters was given by the proper officer, or whether the time mentioned in the notice, fifteen days, was sufficient. If the tax collector had seized, on that notice, the taxpayer might have enjoined, since the act of 1879 requires twenty days notice before seizure and ten days advertisement before the sale.
*670 The act of 1879, makes it unlawful for any person to pursue his profession or business, without having paid his license tax; and it requires the attorney representing the State, on written notice given to him by the collector, to enjoin any person from transacting his business until the license tax shall have been paid.
No law requires any written or printed notice to taxpayers individually, except where, after the fifteen days general notice, they are delinquent; and the personal notice is the prerequisite to the seizure and sale by which payment may be enforced. The general public notice of fifteen days suffices to put the taxpayers in default; and it is the prerequisite to the subsequent proceedings, whether by injunction or by seizure and sale.
If anything can be settled by judicial interpretation and decision, it is settled that the legislature and the police juries in the parishes, and municipal corporations, have power under the constitution to tax professions, pursuits and occupations, that is, to impose the license tax. This tax, like all other taxes, must be equal and uniform: that is all persons who pursue any given calling, must pay precisely the same license tax; but all pursuits or professions are not taxed alike. In this case-the tax is that imposed on all retail merchants, and on all retail liquor dealers; and it is, therefore, equal and uniform in the sense of the law.
It is objected that the police jury had no power to adopt the license taxes imposed by the act of 1879. We see no reason why the police jury should not impose precisely the same tax as that imposed by the legislature; nor can we imagine any possible objection to the action of the police jury in adopting, by ordinance, the same rates for the several pursuits and callings, as those specified in the act of the legislature, without repeating and reenacting them in the ordinance.
The constitution, art. 116, does, as urged by plaintiff, forbid the General Assembly to adopt any system or code of laws by general reference; but we do not see what application this can have to the action of the police jury in this case. The prohibition is addressed to the General Assembly, not to police juries; and the thing forbidden is the adoption of any system or code of law's. The adoption by the police jury of the license taxes imposed by the act of the legislature violates ¡no article or principle of the constitution; and it is as obligatory as if the act had been incorporated in the ordinance.
It is also objected that the ordinance is violative of the constitution in that it has no title to express its objects; and it is urged that the title of the act of 1879 does not express its objects.
The constitution, article 114, does provide that “ every law shall express its object or objects in its title;” but this article relates ex *671 clusively to “laws” enacted by the legislature, not to the “ ordinances” of police juries or municipal corporations.
The title of the act is, “An act to impose a license tax upon trades, professions and occupations for the benefit of the general fund, and to provide punishment and penalties for violations of the same, and to repeal Act No. 26, of the extra session of 1878, approved April 27,1878, and knpwn as the “ Moffett register law.”
We fail to discover anything in the act that is not expressed and indicated in the tit’e; and we do not see that it violates the organic law in any respect. The license tax imposed by this act on retail merchants and on retail liquor dealers is §15. Section 1, paragraphs 2,10. The phraseology of paragraph ten shows that the retail merchant cannot retail liquors without paying the liquor dealer’s tax. It imposes this as an additional tax on “ all retail dealers or grocers selling distilled liquors, etc., in less quantity than one gallon, but in no less quantity than an ordinary wine bottle.”
Paragraph 24 of section 1, of the act of 1879, p. 43, provides that “ every person having more than one shop, store or other establishment, or who shall exercise or follow more than one profession, trade, calling or business, shall pay the tax on each separately.”
This is copied literally from paragraph 27, section 1, of the act of 1872, p. 52. Under the dominion of this law, Willis Holmes had paid the license tax as a retail merchant; and he claimed the right to retail drugs and medicines, which he did not compound, without paying the license tax imposed on druggists. Our predecessors decided that he was liable to both taxes. 28 An. 765. In a recent ease at New Orleans, we decided that a bank engaged in the usual banking business, and which. also made loans on deposits and pledges of jewelry and other valuables, was liable to the license tax imposed on banks in general, and also to that imposed on pawnbrokers.
It is urged by plaintiff that the license tax, when added to the property tax, exceeds the limit of parochial taxation. But constitutions, legislation and jurisprudence have settled the principle that the license tax is not a tax on property. The tax on property, under our law, is a certain percentage on valuation; and the license tax is a sum imposed on the pursuit or profession, irrespective of values. The limitation on the parochial power to tax relates solely to the tax on property; and it has no application whatever to the license tax.
The constitution confers the power to tax professions and occupations; and it imposes no restriction on that power, except the general one, applicable to all taxes, that they must be equal and uniform. The license tax must be imposed alike on all falling within the different classifications, respectively, of professions, etc., taxed. All persons who *672 pursue the business of retail merchants must pay the same license tax. All retail merchants who choose to have more than one store must pay a separate license tax for each; and all retail merchants who choose to sell liquors, etc., in less quantities than a gallon, but notless than a wine bottle, must pay the additional license tax, as retail dealers, prescribed by the statute. This is strictly in accordance with the law of equality and uniformity, and with the spirit and intent of the constitution.
We find no error in the judgment appealed from; and it is affirmed with costs.